UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

LINDA FLINT,

        Plaintiff,

    v.

HUDSON MILESTONS and DEBORAH LORENZENTTI,

        Defendants.

Civil Action No. 05-2405 (JAG)

---

### REPORT AND RECOMMENDATION

Presently before the Court is a motion brought by Plaintiff Linda Flint to remand the matter to the Superior Court of New Jersey. Defendants Hudson Milestones and Deborah Lorenzetti oppose this motion. This matter has been referred to me by the Honorable Joseph A. Greenaway, Jr. for an appropriate Report and Recommendation pursuant to Loc. Civ. R. 72.1(a)(2) and Fed. R. Civ. P. 72(b). I have considered the papers submitted by all parties.

For the reasons expressed below, I respectfully recommend that the motion to remand be denied.

### BACKGROUND

The present case arises out of Plaintiff's employment with Defendant Hudson Milestones. Plaintiff, who served as Director of Children and Family Services, alleges she was wrongfully terminated

1

for "bringing to the attention of her supervisors what she believed to be fiscal improprieties at high levels within the company." Mary Anne Donovan, a bookkeeper, and Doreen Kates, an administrative assistant, were also terminated.

On March 18, 2004, Plaintiff filed a Complaint in Superior Court of New Jersey, Hudson County, alleging violations of the New Jersey Law Against Discrimination ("LAD") and the New Jersey Conscientious Employee Protection Act ("CEPA"). On April 21, 2005, the Superior Court permitted Plaintiff to amend the Complaint to add a claim under the Family Medical Leave Act ("FMLA"). Additionally, the Superior Court consolidated Plaintiff's lawsuit with the claims brought by Mary Anne Donovan and Doreen Kates, neither of which contains claims under the FMLA. On May 6, 2005, Defendants removed Plaintiff's claims to this court pursuant to 28 U.S.C. § 1441(a).

Plaintiff filed this motion to remand on the basis that "the State court has concurrent jurisdiction over the federal claim, the Federal court does not have exclusive jurisdiction over the cause of action plead in plaintiff's complaint, and there is no incompatibility between state court jurisdiction and the federal interests involved." Defendants argue that the Court has original subject matter jurisdiction and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2

## APPLICABLE LAW AND ANALYSIS

Federal courts are granted jurisdiction over matters from various sources, including: 28 U.S.C. § 1331 (federal question jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States); 28 U.S.C. § 1332 (diversity of citizenship jurisdiction of civil actions where the matter in controversy exceeds $75,000, and is between citizens of different states); and other statutes granting jurisdiction, such as 28 U.S.C. § 1443 (civil rights cases), 29 U.S.C. §§ 1001, et seq. (Employee Retirement Income Security Act), and 18 U.S.C. §§ 1961, et seq. (Racketeer Influenced and Corrupt Organization statute).

The parties here agree this Court has jurisdiction over the Family Medical Leave Act, 28 U.S.C. § 2601, claim. The FMLA claim arises under the law of the United States which provides this court with original jurisdiction. However, Plaintiff seeks to remand the case because this action was consolidated in the state court with two others which named the same Defendants. Plaintiff contends this Court should decline supplemental jurisdiction over the state law claims and allow Plaintiff's FMLA claim to be heard in state court. Defendants argue the consolidation has no impact upon the present motion to remand since case law mandates that Plaintiff's claims must be independently considered from those asserted in the consolidated cases.

Under 28 U.S.C. § 1367, a federal court has jurisdiction:

> *** in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367. Section 1367 permits a district court, presented with a case raising a substantial federal question, to adjudicate all related state claims provided that the federal law and state law are part of the same case or controversy. The test for when federal and state claims are part of the same case or controversy is two-pronged: whether they arise from a common nucleus of operative fact and whether they would normally be expected to be tried in one proceeding. <u>United Mine Wokers v. Gibbs</u>, 383 U.S. 715, 725 (1966).

I agree with Defendants and recommend that the motion to remand be denied. Clearly, Plaintiff's claims arise from the same case or controversy. Plaintiff's claims, both state and federal, are based upon her termination from Defendant Hudson Milestone and it is to be expected that all of these claims would be resolved in the same proceeding. Plaintiff argues the case should be remanded to the state court so it may be heard with the consolidated cases of two other individuals who were dismissed by Defendant Hudson Milestone. However, as Defendants point out, a court does not treat actions as merged when analyzing issues regarding jurisdiction. 8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §

42.13[4][a] (3d ed. 2005). Each action must be analyzed independently of any other when determining such jurisdictional issues. Id. Therefore, this court need not consider the jurisdictional issues of the plaintiffs in the consolidated state court action.

### CONCLUSION

Since Plaintiff's Amended Complaint poses a federal question over which this Court has jurisdiction and this Court, under § 1367, has jurisdiction over the accompanying state law claims, I recommend that Plaintiff's motion for remand be denied.

Respectfully submitted,

G. Donald Haneke
United States Magistrate Judge
Dated: August 11, 2005